UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KICKSTARTER, INC.,

Plaintiff,

v.

FAN FUNDED, LLC and ARTISTSHARE, INC.

Defendants.



Civil Action No.:

JUDGE CROTTY

11 CIV 6909

JURY TRIAL DEMANDED

RECEIVED
SEP 30 2011
U.S.D.C. S.D. N.Y.
CASHIERS

---

## COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY AND NON-INFRINGEMENT

Plaintiff Kickstarter, Inc. ("Kickstarter"), by its attorneys, Steptoe & Johnson LLP, complains and alleges against Defendants Fan Funded, LLC ("Fan Funded") and ArtistShare, Inc. ("ArtistShare") (collectively "Defendants") as follows:

### INTRODUCTION

1.     This is an action for declaratory relief pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201.  Kickstarter seeks a declaration that U.S. Patent No. 7,885,887 "Methods and apparatuses for financing and marketing a creative work" issued on February 8, 2011, (the "'887 patent") is invalid and a declaration that Kickstarter does not infringe the '887 patent by and through its Kickstarter.com website or any other means, and does not induce infringement of or contribute to the infringement of the '887 patent by others.  This action arises out of repeated allegations by the Defendants that Kickstarter infringes one or more claims of the '887 patent and is based on the patent laws of the United States, 35 U.S.C. § 100 *et seq.*

## THE PARTIES

2.     Plaintiff Kickstarter is a corporation organized under the laws of the State of Delaware.  Kickstarter has a principal place of business at 155 Rivington Street, 2nd Floor, New York, New York 10002.

3.     On information and belief, Defendant Fan Funded is a limited liability company organized under the laws of the State of Delaware with a business address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

4.     On information and belief, Defendant ArtistShare is a corporation organized under the laws of the State of Delaware.  ArtistShare has a business address of 12 West 87th Street, 4C, New York, New York 10024.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6.     This Court has personal jurisdiction over ArtistShare because its principal place of business is in this judicial district and because ArtistShare regularly conducts business within New York and this judicial district.

7.     Upon information and belief, this Court has personal jurisdiction over Fan Funded because it regularly conducts business within this judicial district, and with ArtistShare and ArtistShare's Chief Executive Officer, Brian Camelio, in particular.

8.     Upon information and belief, a substantial part of the events giving rise to the claims occurred in this district.  Venue in this Court is thus proper under 28 U.S.C. § 1391.  Venue is further proper under 28 U.S.C. § 1400(b).

## BACKGROUND

9.     Kickstarter is the largest funding platform for creative projects in the world.  Thousands of individuals use Kickstarter's platform to seek funding for a wide spectrum of projects from the worlds of music, film, art, technology, design, food, publishing and other creative fields.

10.     On March 1, 2011 – less than a month after the '887 patent issued – ArtistShare's Chief Executive Officer and named inventor on the '887 patent, Brian Camelio, wrote to two senior executives at Kickstarter.  In that letter, Mr. Camelio advised that the '887 patent had recently issued and stated, "I will be contacting you in the immediate future to discuss ArtistShare's patent and software licensing terms for Kickstarter."  Rather than send the March 1 letter to Kickstarter's corporate offices in New York, Mr. Camelio served the letter on Kickstarter's registered agent for service of process, CT Corporation.

11.     On March 23, 2011, Mr. Camelio sent another letter to Kickstarter via CT Corporation.  Mr. Camelio's March 23 letter stated in part, "We have attempted to contact you a number of times in the past to discuss software licensing opportunities but have heard no word back."  The March 23 letter further suggested that someone from Kickstarter contact Mr. Camelio in an attempt to "initiate amicable discussions."

12.     On April 13, 2011, Mr. Camelio visited Kickstarter's corporate headquarters in New York in an attempt to meet with one of Kickstarter's co-founders, Yancey Strickler.  Mr. Camelio's visit to Kickstarter's office was unannounced and Mr. Strickler was not available to speak with Mr. Camelio.

3

13.     On May 2, 2011, Kickstarter's outside counsel wrote to Mr. Camelio seeking additional detail concerning the allegations of Mr. Camelio and ArtistShare that Kickstarter infringed the '887 patent.  As stated in that letter, Kickstarter sought more detail from Mr. Camelio and ArtistShare so that it could more properly evaluate their infringement allegations.

14.     Mr. Camelio responded to the May 2, 2011 letter on May 5.  Mr. Camelio declined to provide additional detail concerning his infringement contentions and suggested that the parties get together for an in-person meeting.

15.     On June 9, 2011, Kickstarter's Director of Operations and General Counsel, Jared Cohen, had the first of several meetings with Mr. Camelio to discuss the '887 patent and ArtistShare's proposal that Kickstarter "license" the '887 patent.  At this initial meeting, Mr. Camelio refused to provide any detail concerning ArtistShare's infringement contentions.

16.     The next meeting between Mr. Cohen of Kickstarter and Mr. Camelio took place on August 5, 2011.  At that meeting, Mr. Camelio told Mr. Cohen that he and ArtistShare believed that Kickstarter was infringing the '887 patent.  Mr. Camelio offered Kickstarter a license with a proposed annual royalty payment to avoid an infringement lawsuit.

17.     Defendant Fan Funded was formed in Delaware on August 8, 2011 – three days after Kickstarter was overtly threatened with an infringement suit by ArtistShare. On information and belief, Mr. Camelio and/or ArtistShare have an interest in Fan Funded.

18.   On September 12, 2011, Mr. Camelio informed Mr. Cohen by telephone that a company called Fan Funded now "owns" the '887 patent.  Mr. Camelio provided no further detail concerning the alleged rights transfer transaction which had not yet been recorded at the U.S. Patent and Trademark Office.  Mr. Camelio further informed Mr. Cohen that negotiations to try and resolve the infringement allegations should still be between Mr. Cohen and Mr. Camelio, not Fan Funded directly.  Mr. Camelio acted on behalf of and with authority from Fan Funded.  Mr. Cohen denied any infringement liability.

19.   On September 22, 2011, a notice of assignment concerning the '887 patent was recorded at the U.S. Patent and Trademark Office.  The notice of assignment indicates that the '887 patent was assigned from ArtistShare to Fan Funded.

20.   On information and belief, ArtistShare has retained an interest in the '887 patent.

21.   Any settlement discussions between Kickstarter and the Defendants have concluded.  Kickstarter believes that it will be sued for patent infringement by the Defendants.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity)

22.   Kickstarter hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 21 above.

23.   There is an actual controversy between Kickstarter on the one hand and Fan Funded and ArtistShare on the other hand as to whether the '887 patent is valid.

24.   The claims of the '887 patent are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. §§ 101 and 112.

5

25.    The claims of the '887 patent are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. §§ 102 and 103 because the claimed subject matter is disclosed in the prior art and is obvious.

26.    Kickstarter hereby seeks a declaration that the claims of the '887 patent are invalid.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement)

27.    Kickstarter hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 26 above.

28.    There is an actual controversy between Kickstarter on the one hand and Fan Funded and ArtistShare on the other hand as to whether Kickstarter, by and through its Kickstarter.com website or other means, infringes the '887 patent or contributes to or induces infringement by others.

29.    Neither Kickstarter, its website nor any part of Kickstarter's business infringes the '887 patent or contributes to or induces infringement by others because Kickstarter does practice each element of any of the claims of the '887 patent.

30.    Kickstarter hereby seeks a declaration that neither it, its website nor any part of Kickstarter's business infringe the '887 patent or contribute to or induce infringement by others.

## PRAYER FOR RELIEF

WHEREFORE, Kickstarter respectfully requests that judgment be entered in favor of Kickstarter and against Fan Funded and ArtistShare and requests the following relief:

A.     A declaration that the '887 patent is invalid;

B.     A declaration that neither Kickstarter, its website nor any part of Kickstarter's business infringes the '887 patent or contributes to or induces infringement by others;

C.     A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285; and

D.     For costs of suit, and for such other and further relief as the Court shall deem appropriate.

## JURY DEMAND

Kickstarter demands a trial by jury on all issues so triable.

By:    _/s/ Michael J. Allan_

Michael J. Allan
Evan Glassman
STEPTOE & JOHNSON LLP
750 Seventh Avenue
New York, N.Y. 10019
(212) 506-3900

William G. Pecau
John C. Caracappa
Timothy C. Bickham (*pro hac vice* application to be submitted)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000

Dated: September 30, 2011