UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

KICKSTARTER, INC.,                                    :
                                                      :
        Plaintiff and Counterclaim Defendant          :
                                                      :
        -against-                                     :
                                                      :
FAN FUNDED, LLC and ARTISTSHARE, INC.                 :
                                                      :
        Defendants and Counterclaim Plaintiffs        :
---------------------------------------------------------------- x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 15, 2013
```

11 Civ. 6909 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Kickstarter, Inc. ("Kickstarter") seeks declaratory relief against Defendants Fan Funded, LLC and ArtistShare, Inc. (collectively, "ArtistShare") that U.S. Patent No. 7,885,887 for "Methods and apparatuses for financing and marketing a creative work," issued on February 8, 2011 (the "'887 Patent") is invalid and that Kickstarter does not infringe it. ArtistShare filed a Counterclaim for patent infringement, seeking preliminary and permanent injunctive relief, as well as compensatory damages.

Pursuant to Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996), the Court construed the '887 Patent's claims on January 18, 2013. See Kickstarter, Inc. v. Fan Funded, LLC, No. 11 Civ. 6909, 2013 WL 2314313 (S.D.N.Y. Jan. 18, 2013) (the "Claim Construction Order"). By letter dated February 8, 2013, ArtistShare now seeks to dismiss Kickstarter's invalidity claim, without prejudice, and to have the Court enter final judgment in this matter. ArtistShare would then appeal the Claim Construction Order to the Federal Circuit. Alternatively, ArtistShare requests that the Court enter partial final judgment with respect to ArtistShare's claim of infringement and Kickstarter's declaratory judgment claim of non-infringement, which would have the same effect. See Nystrom v. TREX Co., Inc., 339 F.3d

1

1347, 1351 (Fed. Cir. 2003). Kickstarter filed a letter in opposition on February 13, 2013. Further briefing is not necessary.

ArtistShare claims that granting an interlocutory appeal of the Claim Construction Order would serve the interest of judicial economy by allowing the parties and the Court to avoid unnecessary litigation. Should the Federal Circuit affirm the Claim Construction Order, ArtistShare would concede that Kickstarter has not infringed the '887 Patent, rendering Kickstarter's declaratory judgment action and claim for invalidity moot. None of the cases ArtistShare cites to support its proposal involved a similar procedural posture as the instant matter. Rather, the cases relied on by ArtistShare all address instances where invalidity claims were dismissed without prejudice after the district court had ruled on infringement claims *on the merits*. See, e.g., Liquidnet Holdings, Inc. v. Pulse Trading, Inc., No. 07 Civ. 6886, 2011 WL 2493526 (S.D.N.Y. June 22, 2011) (dismissing claims without prejudice to allow appeal of claim construction and partial summary judgment of non-infringement); In re Fenofibrate Patent Litig., -- F. Supp. 2d --, 2012 WL 6709221 (S.D.N.Y. 2012) (granting summary judgment of non-infringement and dismissing counterclaims as moot); Nextec Applications v. Brookwood Cos., Inc., 703 F. Supp. 2d 390 (S.D.N.Y. 2010) (granting summary judgment of non-infringement and declining to address invalidity).

This Court has not made any merits-based rulings in this matter. Even if it had, however, where the patent's validity remains at issue, "it is the better practice for the court to resolve that claim, even if it has found non-infringement of the patent in suit." Tailored Lighting, Inc. v. Osram Sylvania Prods., Inc., 713 F. Supp. 2d 184, 192-93 (W.D.N.Y. 2010).

"Determinations of claim construction made as an interlocutory matter by a district court are frequently determinative of either infringement or invalidity, but seldom both." Nystrom,

2

339 F.3d at 1350.  Nevertheless, interlocutory appeals of claim construction orders are still governed by the well-settled doctrine that "piecemeal litigation is as strictly precluded by the rule of finality for patent cases as it is for any other case" because "the rules of finality that define the jurisdiction of [the Federal Circuit] do not contain special provisions for patent cases or admit to exceptions for strategic reasons or otherwise."  Id.  Moreover, the Federal Circuit has "not generally certified motions for interlocutory appeal of claim construction."  Regents of Univ. of Cal. V. DakoCytomation Cal., Inc., 517 F.3d 1364, 1371 (Fed. Cir. 2008).  Numerous reasons explain why interlocutory appeals are disfavored: "claim construction is frequently not finished until trial is complete" due to ongoing construction issues that arise throughout the litigation process; claim construction is frequently related to other issues that arise and therefore "the Federal Circuit is leery of giving an early ruling on claim construction while unaware of the other issues tied to it;" and interlocutory appeals may delay final relief to the litigants.  Peter S. Menell et al., Patent Case Management Judicial Guide § 5.1.6 (2012).

For the foregoing reasons, the Court declines to dismiss Kickstarter's claims or to enter partial final judgment with respect to infringement.  In light of this decision, there is no need to stay continuation of discovery.  If an extension is needed, the parties should meet and confer before submitting an agreed upon proposal, as well as a new date (within the next sixty days) for a case management conference.

Dated: New York, New York

February 15, 2013

SO ORDERED

PAUL A. CROTTY
United States District Judge

3