

Craig R. Smith
csmith@LALaw.com
direct dial 617-395-7081

April 28, 2014

**VIA EMAIL**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:   Pre-Motion Letter Regarding Dispositive Motions
      *Kickstarter, Inc. v. ArtistShare, Inc. and Fan Funded, LLC*,
      11-cv-6909 (S.D.N.Y.)

Dear Judge Failla:

I represent Defendants Fan Funded, LLC and Artist Share, Inc. ("ArtistShare") in the above-captioned action and am submitting this letter pursuant to Your Honor's Scheduling Order of April 9, 2014. (D.I. 87). This letter summarizes the dispositive motions that ArtistShare intends to file.

**Background**

ArtistShare is a small New York company that helps artists obtain funding for their projects. ArtistShare was founded by Brian Camelio about 10 years ago.

This case began on September 30, 2011, when Plaintiff Kickstarter, Inc. ("Kickstarter") filed its Complaint for declaratory judgment seeking a declaration that its online crowd funding platform does not infringe the claims of ArtistShare's U.S. Patent No. 7,885, 887 ("the '887 Patent"). On January 3, 2012, ArtistShare moved to dismiss the Complaint for lack of subject matter jurisdiction owing to the fact that ArtistShare never accused Kickstarter of patent infringement or threatened to file a lawsuit against Kickstarter. On April 10, 2012, Judge Paul A. Crotty denied ArtistShare's motion to dismiss. April 10, 2012 Order, D.I. 29.

On January 18, 2013 Judge Crotty issued the Court's claim construction order. *See* D.I. 53. Among other things, Judge Crotty construed the claim term "software tools ... to manage at least one project" as "computer programs that consist of a suite of features, including project information, inventory, auctions, patrons, subscriptions, licensing, personnel, news, mailings, media shows *and* images." *Id*. at 11-12 (emphasis added).

**ArtistShare's Intended Dispositive Motions**

ArtistShare intends to file two motions for summary judgment: (1) a Motion for Summary Judgment of Validity, and (2) a Motion for Summary Judgment of Correct Inventorship.

The Honorable Katherine Polk Failla
April 28, 2014
Page 2

### 1. Motion for Summary Judgment of Validity

Kickstarter has the burden of proving invalidity and has failed to come forward with clear and convincing evidence that the asserted claims of the '887 Patent are invalid. Summary judgment of patent validity is warranted. First, Kickstarter has not submitted any evidence for why one of ordinary skill in the art would seek to combine its alleged prior art references aside from the conclusory statements of Kickstarter's expert, Mr. Ethan Mollick. Second, none of the fourteen alleged prior art references cited by Kickstarter disclose, either alone or in combination, the novel limitations of the claims of the '887 Patent.

Kickstarter must prove invalidity by clear and convincing evidence. *See Microsoft Corp. v. i4i Ltd. Partnership*, 131 S.Ct. 2238 (2011) (upholding the clear and convincing standard of proof for patent invalidity). Kickstarter argues that the claims of the '887 Patent are obvious, yet fails to explain why anyone would combine the alleged prior art references. *See Wyers v. Master Lock Co.*, 616 F. 3d 1231, 1238-1240 (Fed. Cir. 2010). Mr. Mollick fails to properly disclose his opinions and anticipated testimony. In his report, Mr. Mollick discusses fourteen alleged prior art references without ever disclosing which prior art combinations he actually intends to rely upon. With respect to the claim term "software tools … to manage at least one project," Mr. Mollick does not argue that any one prior art reference discloses the eleven features required under the Court's claim construction. Instead, he simply states that claims are obvious in light of some combination of "one or more" of fourteen alleged prior art references when combined in some unspecified way "and/or" in combination with some undisclosed knowledge of a person of ordinary skill in the art. *See, e.g.* Mollick Report at ¶ 105.

Mr. Mollick's repeated references to combining "one or more" of fourteen alleged prior art references in an unspecified way is insufficient to meet Rule 26(a)(2). Mr. Mollick has "identified" an absurd number of alleged obviousness combinations. Indeed, during his deposition, Mr. Mollick admitted that he had identified more than "87 billion potential combinations." Mollick Depo. Tr. 173 at 9-10. Mr. Mollick also freely admitted that he ***did not identify which of the 87 billion potential prior art combinations he actually intends to rely upon.*** *See id.* at 11-21. This unfair tactic has been soundly rejected by the Federal Circuit. *See, e.g. Innogenetics, NV v. Abbott Labs*, 512 F.3d. 1363, 1373-74 (2008) (an expert opinion was insufficient to support a finding of obviousness where it did nothing more than list prior art references and then conclude that it would have been obvious to one skilled in the art to combine those references). Mr. Mollick's testimony should therefore be precluded pursuant to Rule 26(a)(2).

In addition, none of the fourteen alleged prior art references cited by Kickstarter discloses, either alone or in combination, the novel limitations of the claims of the '887 Patent. For example, Kickstarter has failed to disclose any prior art that includes "software tools … to manage at least one project," which the Court has construed as "computer programs that consist of a suite of features, including project information, inventory, auctions, patrons, subscriptions, licensing, personnel, news, mailings, media shows ***and*** images." *Id*. at 11-12 (emphasis added). Even in combination, the alleged prior art references fail to disclose these 11 features working in tandem in a remotely operable fan funding platform. Kickstarter's expert only makes conclusory references to what the prior art allegedly contains. Each of the alleged prior art references cited

by Kickstarter fails to disclose the claimed limitations. Accordingly, summary judgment of patent validity is appropriate.

### 2. Motion for Summary Judgment of Correct Inventorship

No reasonable jury could find for Kickstarter on the question of inventorship. Kickstarter alleges that a potential business partner, Mr. Thompson, with no knowledge of software development, contributed to the conception of the claims of the '887 in conversations with Mr. Camelio. In reality, Mr. Camelio was working on the invention for years before meeting Thompson. Thompson worked on business development as a potential business partner for only four months, before leaving ArtistShare. There is no material dispute of fact on this issue because the documentary evidence all shows that Mr. Camelio was in prior possession of the concepts Kickstarter alleges that Thompson contributed. For example, Kickstarter alleges that Thompson contributed the concept of a fan funding system "wherein the funds are provided [to the artist] at a predetermined time," because Thompson once recommended a potential vendor that supplied online escrow services. However, the documents clearly show that Mr. Camelio was already contemplating providing an escrow service through his system. One presentation that Mr. Camelio ***provided*** to Thompson was last edited prior to Thompson's March 19 email, and states that ArtistShare would "Provide the Artist and the Fan with a trustworthy third party to responsibly handle the money transaction and escrow until the product is delivered"). This evidence is undisputed and precludes a finding of incorrect inventorship.

Furthermore, none of the concepts that that Thompson allegedly provided Mr. Camelio would qualify him as an inventor anyways. For example, Kickstarter alleges that Thompson provided the idea of selling entitlements in an auction format. Aside from being untrue, the notion of presenting entitlements as auctions is only found in ***dependent claims***, *see, e.g.* claims 8 and 24, and Kickstarter, itself, has argued that auctions were a "well-known principle[] of online fundraising – i.e., to present a fundraising campaign in the form of an auction." Mollick Report at ¶ 324. Contributing well known concepts present in dependent claims does not qualify one as an inventor. *See Nartron Corp. v. Schukra USA Inc.*, 558 F. 3d 1352, 1356-57 (Fed. Cir. 2009) ("We agree with Nartron that there is no genuine issue of material fact in this case and that Benson was not, as a result of suggesting an extender, a co-inventor … as a matter of law. 'One who simply provides the inventor with well-known principles or explains the state of the art without ever having a firm and definite idea of the claimed combination as a whole does not qualify as a joint inventor.'"). Kickstarter's admissions with respect to the very concepts Thompson allegedly communicated defeats its own theory of incorrect inventorship.

Based on the foregoing, ArtistShare respectfully requests the Court's leave to file the above dispositive motions. In addition, ArtistShare may move for summary judgment on the issues that Kickstarter intends to raise in its motions for summary judgment.

The Honorable Katherine Polk Failla
April 28, 2014
Page 4

                                                Yours truly,

                                                Craig R. Smith

cc:    All counsel of record