

ATTORNEYS AT LAW

111 HUNTINGTON AVENUE
BOSTON, MASSACHUSETTS  02199
617.342.4000 TEL
617.342.4001 FAX
foley.com

WRITER'S DIRECT LINE
617.342.4019
EMAIL
rsilverman@foley.com

April 28, 2014

**BY ELECTRONIC MAIL**

Failla_NYSDChambers@nysd.uscourts.gov

The Honorable Katherine Polk Failla
United States District Court – Southern
District of New York
40 Foley Square, Room 2103
New York, NY 10007

      Re: *Kickstarter, Inc. v. Fan Funded, LLC & ArtistShare, Inc.* Case No. 1:11-cv-06909-KPF (S.D.N.Y.)

Dear Judge Failla,

    We write on behalf of Plaintiff Kickstarter, Inc. ("Kickstarter") in the above referenced action, and submit this letter pursuant to the Court's April 9, 2014 Order (Dkt. #87) and Individual Rules of Practice in Civil Cases – Rule 4(A). At the May 6, 2014 pre-motion conference, Kickstarter seeks to address the filing, briefing schedule and page limits for motions for summary judgment, concerning 1) invalidity under 35 U.S.C. §101 for lack of patent eligible subject matter; 2) invalidity under 35 U.S.C. §103 based on prior art; 3) invalidity under 35 U.S.C. §112 for indefiniteness; and 4) invalidity under 35 U.S.C. § 102(f) for incorrect inventorship. ArtistShare's counsel has represented that ArtistShare intends to oppose these motions.

    *Invalidity under §101 for Lack of Patent Eligible Subject Matter*. "Excluded from [] patent protection are laws of nature, natural phenomena, and abstract ideas." *Diamond v. Diehr*, 450 U.S. 175, 185 (1981). The Supreme Court has articulated that claims are not patent eligible if their elements – beyond reciting an abstract idea or law of nature – constitute merely "well understood, routine, conventional activity already engaged in by the scientific community." *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1298 (2012).  To this end, the Supreme Court has invalidated computer implemented claims to an abstract idea. *See Bilski v. Kappos*, 130 S. Ct. 3218, 3223-24 (2010)(hedging risk using a Monte Carlo simulation on years of data); *Parker v. Flook*, 437 U.S. 584, 585-86 (1978)(calculating and storing – presumably on a computer – an alarm condition in a petrochemical plant); *Gottschalk v. Benson*, 409 U.S. 63, 65 & 73 (1972)(performing on specific hardware (a shift register) a binary-to-binary coded decimal conversion); *see also Bancorp Servs. L.L.C. v. SunLife Assurance Co. of Canada (U.S.)*, 687 F.3d 1266 (Fed. Cir. 2012)(method and computer for administering Corporate Owned Life Insurance policy is not patentable subject matter).

    Here, ArtistShare's claims fall squarely in to the prohibitions detailed in *Mayo* and *Bilski*. Indeed, the '887 Patent-in-Suit claims nothing more than the abstract idea of funding and marketing an artistic work through donations and/or patronage, reciting computer elements that are no more than well-understood, routine and conventional to a person of ordinary skill in the art. For example, recitations of "receiving," "transmitting" and "processing" data, and the use of a database are merely routine inherent aspects of using a general purpose computer on a network. As the record

BOSTON
BRUSSELS
CHICAGO
DETROIT

JACKSONVILLE
LOS ANGELES
MADISON
MIAMI

MILWAUKEE
NEW YORK
ORLANDO
SACRAMENTO

SAN DIEGO
SAN DIEGO/DEL MAR
SAN FRANCISCO
SHANGHAI

SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO
WASHINGTON, D.C.

4851-0033-58982



The Honorable Katherine Polk Failla
April 28, 2014
Page 2

demonstrates, once the abstract idea of funding marketing an artistic work is removed, all that is left is a general purpose computer, rendering the claims patent ineligible.

Patentability under Section 101 is an issue of law. *In re Comiskey*, 554 F.3d 967, 975 (Fed. Cir. 2009). Summary judgment is appropriate. *Bancorp,* 687 F.3d at 1281 (affirming summary judgment of invalidity of 40 claims directed to computers for implementing an investment structure).

***Invalidity under §103 based on Prior Art***. Under §103, a claim is invalid as obvious if a person of ordinary skill in the art would have had a reason to combine prior art, and/or knowledge of a person of ordinary skill in the art, to achieve the claimed subject matter. As above, the '887 Patent generally claims a system for funding artistic works by soliciting contributions. Prior art of record includes band websites to fund album recording (*e.g.*, Marillion, November Project), online services for funding artistic works (*e.g.*, idealive, OpenCulture), how-to publications for fundraising on the Internet (*e.g.*, *Fundraising on the Internet*, *The Fund Raiser's Guide to the Internet*), off-the-shelf software products for raising funds on the Internet (*e.g.*, Blackbaud), and patents (*e.g.*, U.S. 6,792,411, 6,993,496). These prior art references invalidate the asserted claims.

ArtistShare has primarily argued that the prior art does not disclose each of the full array of "software tools . . . to manage at least one project," or "software tools . . . to manage communications through said Patron database," as the Court has construed those terms. However, the record demonstrates that these limitations – at most – represent concepts that were routine and/or well-known to persons of ordinary skill in the art, *e.g.*, providing images, news, media shows, subscriptions over the Internet, and using a database to manage communications – *all of which ArtistShare's expert admits that the named inventor, Brian Camelio, did not himself invent*.

Obviousness is a question of law based on underlying facts. *KSR Int'l co. v. Teleflex, Inc.*, 550 U.S. 398 (2007). Where, as here, adding known features (like an auction, or database use) to a known system is entirely predictable, the claims are obvious as a matter of law. *Id.* at 416-8.

***Invalidity under §112 for Indefiniteness***. "A claim could be indefinite if a term does not have proper antecedent basis where such basis is not otherwise present by implication or the meaning is not reasonably ascertainable." *Halliburton Energy Servs. v. M-I LLC*, 514 F.3d 1244, 1249 (Fed. Cir. 2008). Here, claims 4, 6 and 10 recite "the interested party" where there is no prior recitation of the term from which a person of ordinary skill in the art could determine its meaning. Potential "interested" parties include the recited "fan," "patron," "artist" and "account manager" of which ArtistShare's expert has chosen a "fan" to be "the interested party." ArtistShare's expert, however, admits at least that a "patron" would also be an interested party. Admitted uncertainty regarding the meaning of "the interested party" creates improper ambiguity as to claim scope, and is an error that is subject to debate and, therefore, uncorrectable. *Novo Indus. v. Micro Molds Corp.*, 350 F.3d 1348, 1354 (Fed. Cir. 2003)(errors in a patent claim can only be corrected in the courts "if (1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims.")

Invalidity for indefiniteness is a matter of law. *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1376 (Fed. Cir. 2001). Where, as here, a claim is susceptible to more than one interpretation, summary judgment of invalidity is appropriate. *Id.*

***Invalidity under §102(f) for Incorrect Inventorship***. Under 35 U.S.C. § 102(f), a patent is invalid if the named inventor "did not himself invent the subject matter sought to be patented." While



The Honorable Katherine Polk Failla
April 28, 2014
Page 3

the '887 Patent identifies Mr. Camelio as its sole inventor, Mr. Camelio actually collaborated with a musician and music publishing executive named Robert Thompson on the ArtistShare ideas. In fact, ArtistShare documents identify Mr. Camelio and Mr. Thompson as "The Founders" of ArtistShare. Mr. Thompson's significant contributions to their collaboration were such that he meets the requirements to be named as an inventor on the '887 Patent – *i.e.*, "(1) contribute in some significant manner to the conception or reduction to practice of the invention, (2) make a contribution to the claimed invention that is not insignificant in quality, when that contribution is measured against the dimension of the full invention, and (3) do more than merely explain to the real inventors well-known concepts and/or the current state of the art." *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1351 (Fed. Cir. 1998).

While Mr. Thompson's contributions are too numerous to fully catalog here, he contributed to the conception of at least claims 1, 5, 7, 8 13, 14, 17 and 24 of the '887 Patent. This includes the ideas to expand the ArtistShare beyond musical artists alone, to offer sheet music and other incentives, to incorporate escrow services, to provide export of financial and accounting information, as well as to provide certain auction functionality. If Mr. Thompson contributed to even one dependent claim, he is a co-inventor. *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998)("[A] co-inventor need not make a contribution to every claim of a patent . . . . A contribution to one claim is enough.").

While inventorship is legal question based on underling facts (*id.*), both Mr. Camelio and Mr. Thompson are legally required to provide corroboration. Mr. Thompson's contributions are indisputably corroborated by contemporaneous documents, including a PowerPoint presentation that Mr. Thompson drafted and that was included in Mr. Camelio's original patent application and e-mails confirming that Mr. Thompson originated the above ideas. Mr. Camelio can present no corroboration for the notion that he (rather than with Mr. Thompson) originated these ideas himself. Thus, summary judgment is appropriate that the '887 Patent is invalid.

****

Accordingly, Kickstarter respectfully requests the opportunity to address and fully brief the issues outlined above, which Kickstarter will be available to discuss at the May 6, 2014 pre-motion conference. We thank the Court for its attention to these matters.

Respectfully submitted,

Robert J. Silverman

cc:  Craig R. Smith, Esq.
     William J. Seymour, Esq.
     Matthew B. Lowrie, Esq.
     Matthew A. Ambros, Esq.